# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

GRANT CLICK,

      Plaintiff,

vs.

UNITED STATES OF AMERICA,

      Defendant.

No. C16-4073-MWB

**ORDER DISMISSING CASE**

_____

On May 31, 2016, I filed an Initial Review Order concerning what I characterized as plaintiff Grant Click's *pro se* civil rights claim under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). I noted in my Initial Review Order:

> The Eighth Circuit Court of Appeals has instructed that because it is "appropriate to consider the potential detriment to habeas petitioners if district courts, *sua sponte*, transformed their habeas petitions into *Bivens* or § 1983 claims, and vice versa[,]" district courts should obtain the petitioner's consent prior to converting his or her claims. *Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir. 2014). Accordingly, while it would be appropriate to construe Click's motion as a *Bivens* civil rights action, I will not do so absent Click's consent on account of the fact that "a habeas corpus action and a prisoner civil rights suit differ in a variety of respects—such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." *Robinson v. Sherrod*, 631 F.3d 839, 840–41 (7th Cir. 2011); *see also Kruger v. Erickson*, 77 F.3d 1071, 1073–74 (8th Cir. 1996) (discussing the fundamental differences between a civil

rights action and a habeas action). Therefore, if Click wishes to pursue his claims, here, as a *Bivens* civil rights action, he must file an amended complaint, styled as a *Bivens* civil rights complaint, on or before June 30, 2016. If Click fails to take such action on or before June 30, 2016, I will dismiss this case without prejudice.

Click did not submit the required filing fee or an application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1914(a) (requiring $400.00 filing fee for civil actions, except that on application for a writ of habeas corpus the filing fee is $5.00); 28 U.S.C. § 1915 (explaining *in forma pauperis* proceedings). Because he failed to submit the required $400.00 filing fee or an application to proceed *in forma pauperis* along with his complaint, Click did not properly commence this action. If he intends to pursue his claims, here, as a *Bivens* civil rights action, Click is directed to either submit the $400.00 filing fee or, if he is unable to submit such fee because he is indigent, an application to proceed *in forma pauperis* on or before June 30, 2016.

Initial Review order at 3-4.

On July 5, 2016, Click had not filed an amended complaint, his filing fee, or an application to proceed *in forma pauperis*. At that time, I entered an order advising Click that I could, therefore, dismiss his case for failing to comply with my Initial Review Order. However, I did not dispose of Click's case in this manner. Instead, in the interests of justice, I granted Click until Wednesday, July 13, 2016, in which to comply with my Initial Review Order. I warned him in that order, that if he again failed to comply with my Initial Review Order, I would dismiss this case. To date, Click has not filed an amended complaint, his filing fee, or an application to proceed *in forma pauperis*. A district court may dismiss an action for failure to comply with its orders. *See Slack v. McDaniel*, 529 U.S 473, 489, 120 S. Ct. 1595, 1606 (2000); *Siems v. City of Minneapolis*, 560 F.3d 824, 826 (8th Cir. 2009); *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984); *see also Edwards v. Marin Park, Inc.*, 356

F.3d 1058, 1065 (9th Cir. 2004); *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003); *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir. 1992); *Ballard v. Carlson*, 882 F.2d 93, 95–96 (4th Cir. 1989); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co*., 370 U.S. 626, 629–31 (1962). However, dismissal with prejudice should be used sparingly because it is a drastic sanction. *See Woods v. Union Pacific R.R. Co.,* 957 F.2d 548, 550 (8th Cir. 1992). I have previously warned Click that failure to comply with my orders could result in the dismissal of his case. Click remains noncompliant. Accordingly, Click's complaint is dismissed for failure to prosecute and for failure to comply with my prior orders.

      **IT IS SO ORDERED**.

      **DATED** this 19th day of July, 2016.

MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA